McGREGOR W. SCOTT
United States Attorney

ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6422
Facsimile:   (202) 307-0054
Adam.R.Smart@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | ) Civil No. Civ. 2:06-CV-00249-LKK-DAD |
| Plaintiff, ) | |
| ) | **FINDINGS AND RECOMMENDATIONS** |
| v. ) | |
| ) | |
| JEAN N. PERKINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiff's motion for default judgment came before the Court for hearing December 15, 2006. Adam R. Smart, Trial Attorney, Tax Division, United States Department of Justice, appeared for the United States. Defendant Jean N. Perkins did not appear. Upon review of the motion, the complaint,[1] the motion and the other matters of record, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

**I.      BACKGROUND**

On December 3, 2004, Defendant Perkins and her deceased husband filed with the Secretary of State of the State of California a UCC Financing Statement, Filing Number 04-7008276418 ("UCC Financing Statement"), falsely describing as debtors Revenue Officer Ava Pointer, Thomas Mathews, and Mark Everson, Commissioner of the Internal Revenue Service. The UCC Financing Statement purports to

---

[1] Where a default is entered, the well-pleaded allegations in the complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

1  encumber the real and personal property and other assets of the named persons in a lien amount exceeding $144 million.

On February 6, 2006, the United States filed this action seeking declaratory relief that the UCC Financing Statement filed by Defendant Perkins be declared null, void and of no legal effect and for issuance of a permanent injunction enjoining her from filing any further documents which purport to create a non-consensual lien or encumbrance against the person or property of any government employee. On July 11, 2006, the Court entered an Order permitting service of the summons and complaint by publication. (Docket No. 11.)  Notice of Summons and Service by Publication was published in the Sacramento Bee on August 15, 22, 29, and September 5, 2006. (Declaration of G. Patrick Jennings ("Jennings Decl."), Ex. A.) The published Notice of Summons and Service by Publication instructed Defendant Perkins to file an answer no later than September 28, 2006. (*Id.* at ¶ 4.)  Defendant Perkins has not filed an answer or a response to the complaint in this case. (*Id.*)  The Clerk entered the default of Defendant Perkins on October 10, 2006. (Docket No. 15.)  The United States filed its motion for default judgment on November 7, 2006, which was properly served on Defendant Perkins. (Docket No. 18.)  Defendant Perkins failed to file an opposition to the United States' motion for default judgment and has not otherwise appeared.  Defendant Perkins is not an infant, incompetent person, or a person in the military service or otherwise exempted from default judgment under the Service Members Civil Relief Act, 50 App. U.S.C. § 501. (Jennings Decl., ¶ 5.)

**II.   JURISDICTION AND LEGAL STANDARD**

This Court has jurisdiction under 28 U.S.C. § 1345 and 26 U.S.C. § 7402(a).  Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a).  District courts have discretion whether to enter default judgment. *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956).  In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court identified seven factors that district courts may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). The plaintiff, however, must establish the relief to which it is entitled. *See Pope v. United States*, 323 U.S. 1 (1944); *Fair Housing of Marin*, 285 F.3d at 906.

**III.   FACTS**

1.   On December 3, 2004, Defendant Perkins and her deceased husband filed with the Secretary of State of the State of California the UCC Financing Statement, Filing Number 04-7008276418, falsely describing as debtors Revenue Officer Ava Pointer, Thomas Mathews, and Mark Everson, Commissioner of the Internal Revenue Service (collectively the "named persons"). (Comp. ¶ 5.) The UCC Financing Statement purports to encumber the real and personal property and other assets of the named persons in a lien amount exceeding $144 million.[2] (Comp. ¶ 8.)

2.   At all times pertinent to this action, Mark W. Everson was the Commissioner of the Internal Revenue Service, and Ava Pointer and Thomas Mathews were employees of the Internal Revenue Service. (Comp. ¶ 6.)

3.   None of the named persons are personally acquainted with Defendant Perkins or her deceased husband and have had no contact or relationship with either of them outside the scope of their employment. They have not engaged in any contract or personal transaction with Defendant Perkins or her deceased husband and do not owe money to Defendant Perkins or her deceased husband. The named persons have not consented to the filing of any liens by Defendant Perkins or her deceased husband, and there is no legitimate reason for Defendant Perkins or her deceased husband to impose liens on the property of the named persons. (Comp. ¶¶ 6-7, 9.)

---

[2]   The Court takes judicial notice of the contents of the UCC Financing Statement. *See Lee v. Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that judicial notice may be taken of public records).

     4.     The UCC Financing Statement was filed by Defendant Perkins and her deceased husband in retaliation for the acts performed by the officers and employees of the Internal Revenue Service as part of their official duties, under their authority as officers, or under the direction of officers, of the United States of America. (Comp. ¶ 7.)

     5.     The UCC Financing Statement is specifically designed to cause substantial interference with the enforcement of the laws of the United States pertaining to the internal revenue and to molest, interrupt, hinder, intimidate or impede employees or officers of the United States in the good faith performance of their official duties. (Comp. ¶¶ 8-9.)

     6.     The United States will suffer immediate and irreparable injury because employees and officers such as Pointer and Mathews will be hindered and obstructed in the performance of their official duties due to concerns that such false liens will have a negative impact on their permanent credit record. (Comp. ¶ 10.)

## IV. ANALYSIS

Based upon this Court's review of the seven factors set forth in *Eitel*, 782 F.2d at 1471-72, identified above, this Court finds that an exercise of discretion to grant default judgment against Defendant Perkins is proper.

### A. The merits of the Government's claims and the sufficiency of its complaint

These two factors identified in *Eitel* "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Because the United States has established the merits of its claims against Defendant Perkins, these factors weigh heavily in favor of granting default judgment.

#### 1. Declaratory Relief

Section § 7402(a) of the Internal Revenue Code[3] grants district courts jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a); *see Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985). The Ninth Circuit has found that § 7402(a) "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan*, 764 F.2d at 1327; *see also Cook v. Peter*

---

[3] Title 26 of the United States Code, hereinafter I.R.C.

- 4 -

*Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985), *cert. denied*, 476 U.S. 1183 (1986); *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir.1984); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir.1983); *see also United States v. Van Dyke*, 568 F. Supp. 820 (D. Or. 1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Liens between private parties are generally governed by state law, and under the applicable law of California, liens can be created only by (1) contract between the parties or (2) by operation of law. Cal. Civil Code § 2881. Based upon the well-pleaded allegations of the complaint, it is uncontroverted that Revenue Officer Pointer, Mathews and Commissioner Everson are not personally acquainted with Defendant Perkins or her deceased husband and have had no contact or relationship with them outside the scope of their employment. Furthermore, the evidence indicates that any interaction they may have had with Defendant Perkins or her deceased husband was in the course of their official capacity as employees of the United States. They have not engaged in any contract or personal transaction with Defendant Perkins or her deceased husband and do not owe money to Defendant Perkins or her deceased husband. Thus, there is no legitimate reason for Defendant Perkins or her deceased husband to impose liens on the property of the named persons. Therefore, it is established that the UCC Financing Statement claiming a debt of in excess of $144 million is not based on legitimate debt or law.

After carefully reviewing the well-pleaded complaint and the other matters of record, this Court finds that the United States would be entitled to the declaratory relief it seeks because it can demonstrate that the UCC Financing Statement filed by Defendant Perkins and her deceased husband is a frivolous device used to harass government employees and to interfere with the proper administration of the internal revenue laws of the United States. *See, e.g., United States v. Forbes*, No. CIV. S. 05-2111, 2006 WL 1409741 (E.D. Cal. May 23, 2006), *adopted by*, 2006 WL 1876645 (E.D. Cal. July 5, 2006). The lien is non-consensual, non-judicial and non-statutory and should be declared null and void. Under I.R.C. § 7402(a), the Court may "void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan*, 764 F.2d at 1327. The United States would prevail on the merits of its claim for declaratory relief seeking that the UCC Financing Statement be declared null and void.

**2.     Injunctive Relief**

Section 7402(a) of the Internal Revenue Code permits the issuance or "orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a); *see Ryan*, 764 F.2d at 1327. This language is broad and indicates "a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. United States*, 243 F.2d 378, 384 (1st Cir.), *cert. denied*, 354 U.S. 923 (1957); *see also United States v. First National City Bank*, 568 F.2d 853 (2d Cir. 1977). Section 7402(a) "has been used to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984), *cert. denied*, 470 U.S. 1050 (1985). "The United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *Ekblad*, 732 F.2d at 563 (7th Cir. 1984) (citing *Island Airlines, Inc. v. CAB*, 352 F. 2d 735, 744 (9th Cir. 1965)). Where the terms of the injunctive relief sought in the motion for entry of default judgment are the same as those sought in the complaint, injunctive relief is properly granted by way of default judgment. *See Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393-94 (C.D. Cal. 2005). Therefore, this Court may properly enjoin Defendant Perkins from filing, or attempting to file, any document or instrument which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States.

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.,* 126 S. Ct. 1837, 1839 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-13 (1982); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

In filing the UCC Financing Statement, Defendant Perkins imposes irreparable harm upon the employees of the federal government with whom he quarrels. False liens potentially cloud title to property owned by the IRS employees and damage their credits ratings. *Van Dyke*, 568 F. Supp. at 822. Moreover, these false liens "threaten substantial interference with the administration and enforcement of the Internal

Revenue laws." *See United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983).  Therefore, the IRS employees and the United States will suffer harm if an injunction is not granted. *See United States v. Kaun*, 633 F. Supp. 406, 418 (E.D. Wis. 1986) ("[Defendant] and his followers continue to seek to frustrate the administration and enforcement of the federal tax laws -- all to the great irreparable harm of the Internal Revenue Service and the public it serves.").  Conversely, because this UCC Financing Statement has no factual or legal basis and thus is of no legal effect, Defendant Perkins will not be injured by an injunction which enjoins her from filing similar nonconsensual common law liens or encumbrances in the future. *See In re Martin-Trigona*, 763 F.2d 140, 141-42 (2nd Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986).  Thus the balance of hardships tips in the United States' favor.

An inadequacy of remedies at law exists in the instant case given that solely voiding the instant UCC Financing Statement will not prevent Defendant Perkins from simply filing another financing statement against these same named individuals, or any other IRS employees.  The only method to ensure that Defendant Perkins will not continue to make such frivolous filings is to issue a permanent injunction. *See Forbes*, 2006 WL 1409741, at *3-*4.

Finally, this Court finds that the public interest will be served by an injunction forbidding this harassment in the future, and such an injunction should issue.  As discussed above, I.R.C. § 7402 authorizes this Court to make such orders as are necessary for the enforcement of the internal revenue laws. *See Ryan*, 764 F.2d at 1327 (noting, with approval, a district court's order enjoining filing of frivolous liens against IRS employees).  Given the public's interest in the judicial process, the fair administration of the federal tax laws, and the prevention of abuse and harassment of government employees, it is in the interest of the public that a permanent injunction issue in this case. *See Van Dyke*, 568 F. Supp. at 821. *See also Forbes*, 2006 WL 1409741, at *4 ("the public interest is served by protecting individuals in the exercise of their official duties").

Based on the well-pleaded complaint and the other matters of record, the United States has demonstrated it is entitled to an injunction permanently enjoining Defendant Perkins from filing any

document or instrument which purports to create a nonconsensual lien or encumbrance of any kind against any employee or officer of the federal government.

### B. Possibility of prejudice

Failure to issue a final judgment in the instant case will prejudice the United States in that it will encourage similar behavior and cause a chilling effect on employees of the United States when carrying out their official duties. Further, if the default judgment is not entered, the United States and the named individuals would be deprived of a judicial resolution of the claims presented and be without recourse against Defendant Perkins. *Elektra Entertainment Group, Inc.*, 226 F.R.D. at 392. Therefore the danger of prejudice to the United States weighs in favor of entering the default judgment.

### C. The amount of damages

Where, as here, the United States seeks non-monetary relief, this factor weighs in favor of granting default judgment for the United States. *Id.* at 393.

### D. Lack of any possibility of dispute

Because upon entry of default the well-pleaded allegations of the complaint are taken as true, *Fair Housing of Marin*, 285 F.3d at 906, where as here, sufficient facts have been alleged in the complaint, and Defendant Perkins has not appeared or filed a response to the complaint or the instant motion for default judgment, no dispute exists as to the material facts, *Elektra Entertainment Group, Inc.*, 226 F.R.D. at 393.

### E. Excusable Neglect

In the instant case, pursuant to order of the Court entered July 11, 2006, the United States served the complaint via publication on August 15, 22, 29 and September 5, 2006. (Jennings Decl., Ex. A.) Defendant Perkins was also served with a copy of the United States' Request for Entry of Default through her son. (Docket No. 14.) A copy of the notice of motion and motion for entry of default judgment was also served on Defendant Perkins directly. (Docket No. 18) Several months have elapsed since service of the complaint and entry of default. Despite having knowledge of the proceedings in this matter, Defendant Perkins failed to appear, and the possibility of excusable neglect is remote. Therefore, this factor weighs in favor of granting default judgment. *See Elektra Entertainment Group, Inc.*, 226 F.R.D. at 393.

**F.     Policy favoring decisions on the merits**

As discussed above, the filing of a frivolous lien against IRS employees is an attempt to interfere with the official duties of the employees of the United States. While it is true that cases should be decided on their merits whenever possible, it was the conduct of Defendant Perkins that has precluded such a decision on the merits. In such circumstances the prejudice to the United States outweighs the policy that cases should be decided on the merits. *See Elektra Entertainment Group, Inc.*, 226 F.R.D. at 393.

Because, based on the well-pleaded allegations of the complaint and other matters of record, the United States has demonstrated that it satisfies the factors set forth in *Eitel*, this Court deems it appropriate to enter default judgment against Defendant Perkins, declaring null and void the UCC Financing Statement filed against Revenue Officer Pointer, Mathews and Commissioner Everson and enjoining Defendant Perkins from filing, or attempting to file, any document or instrument which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States.

**V.     RECOMMENDATION**

Based upon the foregoing IT IS HEREBY RECOMMENDED that:

1.     The United States' motion for default judgment be granted and judgment for the United States be entered on all claims.

2.     Any UCC Financing Statement that purports to create a lien or any other non-consensual lien or encumbrance filed by Defendant Perkins against the person or property of any IRS employee or others who authorized or performed any act in connection with the assessment or collection of his tax liabilities be declared null and void *ab initio* and declared to have no force and effect.

3.     An order may be filed and recorded by the United States with the California Secretary of State, any county clerk's office, assessor's office, or registrar of deeds in the state of California where such liens have or will be filed by Defendant Perkins.

4.     Regardless of nomenclature, caption, title, or terms used to describe the document, Defendant Jean N. Perkins should be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create a lien or any other purported non-consensual lien or encumbrance against the person or property of the above named IRS employees or others who authorized

- 9 -

1  or performed any act in connection with the assessment or collection of the tax liabilities of Defendant
2  Perkins or her deceased husband.

3      Nevertheless, this recommended permanent injunction should not prevent Defendant Perkins from
4  applying to any state or federal court of competent jurisdiction in order to obtain relief of any
5  non-frivolous legal claim, and this recommended injunction should not apply to or prohibit liens lawfully
6  created by any judgment of a court of competent jurisdiction.  It is further recommended that willful
7  violation of this order shall be punished by fine or imprisonment, or both.

8      5.    An order be entered specifically declaring and adjudging that the UCC Financing
9  Statement, Document Number 04-7008276418, filed by Defendant Perkins against Mark Everson, Ava
10 Pointer and Thomas Mathews is null, void and of no legal effect.

11     These findings and recommendations are submitted to the United States District Judge assigned to
12 the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with
13 these findings and recommendations, any party may file written objections with the court and serve a
14 copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and
15 Recommendations." Any reply to the objections shall be served and filed within ten days after service of
16 the objections. The parties are advised that failure to file objections within the specified time may waive
17 the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
18 DATED: January 17, 2007.

                                                          DALE A. DROZD
                                                          UNITED STATES MAGISTRATE JUDGE

22 Ddad1/orders.civil/perkins0249.f&r